**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REVEREND DONALD W. ELLIOTT,

                                    Plaintiff,

             - v -                                              Civ. No. 1:17-CV-355
                                                                      (GTS/DJS)
ACCVB of NYS, *Michelle Venrard, CEO*,

                                    Defendant.

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

**I.  BACKGROUND**

On March 29, 2017, *pro se* Plaintiff Reverend Donald W. Elliott initiated this civil action

with the filing of his Complaint asserting copyright infringement.  Dkt. No. 1, Compl.  Plaintiff also

filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP").  Dkt. No. 2, IFP App.  Thereafter,

the Clerk of the Court received the full filing fee required for this action and Summonses were

accordingly issued, along with General Order 25, for service to be completed on the Defendant.

Dkt. Nos. 5 & 6.  Although Plaintiff paid the filing fee in full, I considered his Application to

Proceed IFP because granting same would permit the U.S. Marshal to serve process on the

Defendant.  However, in reviewing the Plaintiff's submission, I found that the IFP Application was

incomplete and therefore it was not possible for me to assess whether Plaintiff was sufficiently

indigent to warrant the grant of such status.  Dkt. No. 7.  Accordingly, in an Order, dated May 5,

2017, I denied Plaintiff's IFP Motion but I granted him leave to renew with complete information.

*Id*.  Therein, I also advised Plaintiff that in the absence of IFP status, it is his responsibility to ensure

proper service is accomplished upon the Defendant within the time-frame set forth in General Order

25 and by the Federal Rules of Civil Procedure, and that his failure to properly serve the Defendant may result in dismissal of this matter. *Id*. at p. 2. On May 22, 2017, the Court received a certified receipt signed by Plaintiff indicating that he received my May 5ᵗʰ Order. Dkt. No. 8.

On July 19, 2017, I issued a Text Order noting that the sixty-day abbreviated time-frame to accomplish service on the Defendant had passed. Dkt. No. 9. Because no proof of such service had been provided to the Court by Plaintiff, I directed Plaintiff to advise the Court as to the status of this matter by August 4, 2017. *Id*. To date, the Court has not received any further communication from Plaintiff.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. Specifically, the plaintiff must effectuate service of process within ninety days of the filing of the complaint. FED. R. CIV. P. 4(m). Pursuant to this District's General Order 25 and Local Rules of Practice, that time-period is condensed to sixty days with the aim of expediting cases.[1] Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative after notice to the plaintiff, to dismiss the case without prejudice as to that defendant. *Id*.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 2996) (citing

---

[1] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days. N.D.N.Y.L.R. 4.1(b).

*Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Here, there has been no communication from Plaintiff since April 28, 2017, when the Clerk of the Court received his full filing fee. Despite having been provided adequate warning regarding his responsibility to effectuate service of process on the named Defendant, Plaintiff has failed to provide proof of accomplishing this task and has failed to provide the Court with any explanation as to such failure. In light of this, the Court finds that, despite ample opportunity provided by the Court to correct any error or misunderstanding, Elliott has failed to prosecute this matter and possibly has abandoned his claims, thus warranting a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution). In light of his *pro se* status the Court has provided generous extensions of time to explain his failure to timely serve the Defendant, to no avail. Because the time by which Plaintiff may properly serve Defendant has past, and because Plaintiff has failed to diligently prosecute this matter, it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's failure to timely effectuate service on the Defendant, in violation of Federal Rule of Civil Procedure 4, and due to Plaintiff's apparent abandonment and failure to prosecute this matter; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on the Plaintiff at his last known address by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, (continued...)

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:    October 2, 2017
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2](...continued)

then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*-4-*