UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REVEREND DONALD W. ELLIOTT,

                      Plaintiff,

v.

                                                                 1:17-CV-0355
                                                                 (GTS/DJS)

ACCVB OF NYS, Michelle Venrard, CEO,

                      Defendant.
_____

APPEARANCES:

REVEREND DONALD W. ELLIOTT
  Plaintiff, *Pro Se*
13 Ridge Lane
Box 193
East Berne, New York 12059

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Reverend Donald W. Elliott ("Plaintiff") against ACCVB of NYS ("Defendant"), is U.S. Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's Complaint be dismissed for failure to timely serve Defendant in violation of Fed. R. Civ. P. Rule 4 and for failure to prosecute this matter pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 10.) Plaintiff has not filed an objection to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety and Plaintiff's Complaint is dismissed.

      When, as here, no objection is made to a report-recommendation, the Court subjects that

report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 10.) To those reasons, the Court adds only the following analysis.

The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute (or failure to obey a court order) under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

Applying these five factors, the Court finds that the duration of Plaintiff's failure is more than six months, having begun on or about May 28, 2017 (i.e., 60 days from the filing of his

Complaint on March 29, 2017). Generally, durations of such time are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding delay of four months sufficient).

Plaintiff clearly received adequate notice that the failure in question would result in dismissal of his action. On March 29, 2017, Plaintiff was provided with a courtesy copy of the Court's Local Rules of Practice and *Pro Se* Handbook (both of which advised him of his duty to diligently prosecute this action). (Dkt. No. 3.) Moreover, on May 5, 2017, Magistrate Judge Stewart reminded Plaintiff of his obligation to timely serve his Complaint. (Dkt. No. 7.)

The prejudice posed to Defendant by Plaintiff's failure is exacerbated by the duration of time that has elapsed since the events giving rise to Plaintiff's claims (which appear to be based on events occurring since 1999). (Dkt. No. 1.) Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

Furthermore, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.

Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances. For example, the Court finds that any Order issued by the Court admonishing Plaintiff for his dilatory conduct would not motivate him to act (given the fact that never objected to the Report-Recommendation despite receiving an extension of time in which to do so).

For all of these reasons, the Report-Recommendation is accepted and adopted in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: December 1, 2017
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HON. GLENN T. SUDDABY
　　　　　　　　　　　　　　　　　　　　United States District Judge